366 A.2d 166.
RHODE ISLAND HOSPITAL *vs.* GEORGE KALIAN.

NOVEMBER 30, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is an employee's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's grant of an employer's petition to review a decree that had awarded the employee benefits for partial incapacity. The trial commissioner had found that the employee was no longer incapacitated and that he could return to his job as a "dietary worker."

The employee worked in the hospital's commissary. His job required him to stack and store provisions such as meats, frozen foods, and groceries in a central area, fill departmental orders, and then transport the requested goods to various units of the hospital. On April 1, 1971, the hospital's insurer and the employee executed a preliminary agreement whereby the employee was to receive a weekly total incapacity benefit of $66.72 for an injury that occurred on December 4, 1970, when the employee picked up a "box of food." The agreement described the injury as a "Question of herniated disc." Later, in May 1972, a decree was entered finding that the total incapacity had been reduced to partial and that the weekly benefits be reduced to the point where the insurer was obligated to pay no more than $60.54 a week to the employee. In October 1973 the insurer filed a petition to review and alleged that the employee's incapacity had ended.

There were four separate hearings conducted on this petition. At the first hearing in December 1973 the employee testified that he was then 65 years of age. When the employee's compensation payments, his Social Security payment, and payments made by his private insurer are totalled, the employee's weekly income appears to be about $30 more than when he worked in the commissary.

The trial commissioner had before him the testimony presented by two orthopedic surgeons and a report from

another surgeon plus the entire medical record prepared by the staff at the Pratt Clinic of New England Medical Center Hospital of Boston, Masachusetts. The employee's orthopedist told the trial commissioner that his patient was totally incapacitated. This witness also said that he had referred his patient to the Pratt clinic. The insurer's surgeon reported that "[t]here is no physical reason why this patient cannot return to gainful employment with no restrictions and no limitations." The clinic's report detailed the employee's 9-day stay at that institution. In the report are notations where various examiners indicate that the employee was attempting to suggest physical disability where none existed, that he is a malingerer, and that the clinic's psychiatric section was unable to determine whether the employee was "conscious or unconscious of his deception" but did indicate that "[n]o further psychiatric treatment [was] indicated." On June 15, 1973, the employee was discharged with the diagnosis that his back pain was not related to his work.

Once the trial commissioner was confronted with the conflicting views of the medical experts, he appointed an impartial medical examiner. The impartial examiner, an orthopedist, filed a report and also testified. His report indicated that the employee had "Chronic Back Strain," and he testified that the employee was partially disabled. This witness also stated that the employee had a tendency to exaggerate his symptoms and that examination showed little objective sign of neurological damage. The impartial examiner was unaware of the statements contained in the Pratt report.

When the employee appeared for the hearings, before the trial commissioner, he was carrying a cane. The impartial examiner told the trial commissioner that when the employee appeared for his examination, he sometimes used a cane and at other times he walked without the cane,

and the examiner noticed that, cane or no cane, the employee's gait remained unchanged. The examiner was of the opinion that the employee's unchanged gait was an indication that he did not need the cane. When the examiner asked the employee why he was carrying the cane, he was told that he was carrying the cane at the suggestion of his personal physician. However, the personal physician testified that he had no memory of recommending the use of a cane.

The trial commissioner in his denial found that the employee was faking his injuries and that the time had come when he "* * * ought to cease exaggerating the 'effects' of his injury and ought to return to his former work at the hospital." In expressing his views, the trial comissioner made it perfectly clear that his conclusions were based upon his observations of the employee at the hearings and the notations found in the Pratt diagnostic report.

The employee concedes that this court cannot weigh the evidence and that our role so far as factfinding is concerned is limited to an examination of the record to determine if there is any legally competent evidence to support the findings of fact made by the commission. He contends that the trial commissioner, having appointed the impartial examiner, was bound to give greater weight to the "impartial's" opinion than that expressed by any other expert. Such a contention is utterly without merit.

In *Parenteau* v. *Zimmerman Engineering, Inc.,* 111 R.I. 68, 77, 299 A.2d 168, 173 (1973), we emphasized that the statutes which authorize the employment of an impartial medical examiner do not make the appointee the ultimate trier of fact but that it is the trial commissioner who must make the findings of fact. The appointing authority is not bound to accept the conclusions of the impartial examiner. Here the trial commissioner was confronted with conflicting expert opinion and sought the help of the impartial

examiner. He considered the opinions expressed by all three experts as well as those contained in medical and hospital reports and then based his ultimate conclusion on this record plus the impressions he received from watching the employee during his appearances before him. Consequently, there is legally competent evidence which supports the commission's decree which authorizes the termination of the employee's compensation benefits.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

Mr. Justice Paolino did not participate.

*Francis V. Reynolds, Bernard W. Boyer,* of counsel, for appellee.

*Lovett & Linder, Ltd., Raul L. Lovett,* for appellant.